UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS HUMBERTO RIVERA QUINTANILLA,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | Case No. 5:26-cv-02743-PD<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**<br><br>**A # 077-182-369** |

Carlos Humberto Rivera Quintanilla ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and 16 supporting exhibits, alleging violations of his due process rights under the Fifth Amendment. Dkt. No. 1, Petition. Respondents filed an Answer, and Petitioner filed a Traverse. Dkt. Nos. 11, 12. The Court held a hearing on October 15, 2026, and Respondents and Petitioner thereafter filed Supplemental Briefing. Dkt. Nos. 14-17. The Court has considered the arguments of counsel at the hearing, all the filings, and grants the Petition and orders that Petitioner be released.

## I. Background

Petitioner is a citizen of El Salvador, who entered the United States without inspection on January 28, 1990, near San Ysidro, California, when he was approximately 13 years old. Petition ¶ 23. On June 11, 2023, Petitioner was granted parole from the California Department of Corrections, which deemed him rehabilitated and not a danger to society. *Id.* ¶ 24. That same day, Petitioner was transferred into the custody of Immigration and Customs Enforcement ("ICE"), and a Notice to Appear was issued, charging Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (alien present without being admitted or paroled). *Id.* On August 3, 2023, Petitioner filed Form I-589 seeking asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *Id.* ¶ 25.

Following a full merits hearing, on November 20, 2023, the Immigration Judge ("IJ") issued a decision ordering Petitioner removed, while simultaneously granting deferral of removal under the CAT. *Id.* The IJ found that, due to El Salvador's ongoing State of Exception, Petitioner established it was more likely than not he would be tortured if returned to El Salvador by Salvadoran arresting authorities or prison officials. *Id.* On December 18, 2023, Department of Homeland Security ("DHS") appealed the decision, and on May 10, 2024, the Board of Immigration Appeals ("BIA") remanded the case to the Immigration Court for further proceedings. *Id.* ¶¶ 25, 26. On June 14, 2024, Petitioner was again ordered removed to El Salvador and simultaneously granted deferral of removal under the CAT. *Id.* ¶ 26. Neither party appealed the decision. *Id.* Petitioner was detained for 90 days and then was released from ICE custody. *Id.* While released, Petitioner complied with all ICE check-ins and all conditions imposed by state probation officers, applied for a work authorization, and continued supporting his wife, who is a United States citizen. *Id.* ¶ 27.

On January 16, 2026, Petitioner appeared for a scheduled ICE check-in after being informed that he needed to report to "correct paperwork." *Id.* ¶ 28. Petitioner was then informed that he was being taken into custody and was subsequently transferred to the Adelanto Detention Center, where he remains detained. *Id.* That evening, DHS issued the Notice of Revocation of Release, which it served on Petitioner on January 17, 2026. *Id.* The Notice stated in pertinent part:

> This letter is to inform you that your Order of Supervision has been revoked, and you will now be detained in the custody of U. S. Immigration and Customs Enforcement (ICE). This decision was made after a review of your official alien file, which determined that there are changed circumstances in your case.
>
> ICE has determined that you may be expeditiously removed from the United States pursuant to the outstanding order of removal against you. On June 14, 2024, you were ordered removed from the United States to El Salvador, but you were granted Withholding of Removal under the Convention Against Torture by an Immigration Judge.
>
> At this time, you are being detained for removal from the United States to a third country, Mexico, which has been identified as a country of removal. Therefore, there is a significant likelihood of your removal in the reasonably foreseeable future.
>
> Based on the above and pursuant to 8 C.F.R. § 241.13, you are to remain in ICE custody at this time. You will be promptly afforded an informal interview, during which you will have the opportunity to respond to the reasons for the revocation and to submit any evidence or information in support of your release. If you are not released after the informal interview, you will receive notification of a new review, which will occur within approximately three months from the date of this notice.

Dkt. No. 1-3 at 2. Petitioner submitted a written request for referral to an asylum officer for a reasonable fear interview based on his fear of removal to Mexico because he feared they would deport or transfer him to El Salvador,

where an Immigration Judge had already found he was more likely than not to be tortured. Petition ¶ 30.

On January 23, 2026, a DHS officer handed Petitioner a written Notice of Removal to Mexico, that Petitioner refused to sign because he feared removal to Mexico would ultimately result in his transfer or deportation to El Salvador. *Id.* ¶ 31. Petitioner alleges he was not provided notice regarding any mechanism to seek protection from removal to Mexico before DHS initiated removal proceedings. *Id.*

On January 23, 2026, Petitioner filed a habeas petition challenging Respondents' failure to provide required procedural protections after Petitioner expressed a fear of removal to Mexico. *See Quintanilla v. Noem, et al*, 2:26-cv-756-PD. Petitioner filed a Supplemental Exhibit which purports to show that Petitioner received a second Notice of Removal to Mexico, dated February 18, 2026. *Id.,* Dkt. No. 10 at 4. On March 12, 2026, the District Court granted Petitioner habeas relief, requiring Respondents to provide constitutionally adequate procedural protections, including reopening of proceedings should Petitioner receive a positive reasonable fear determination regarding removal to Mexico. *See Quintanilla v. Noem, et al*, 2:26-cv-756-PD, Dkt. No. 14.

On March 17, 2026, DHS served Petitioner with Form I-229(a), Warning for Failure to Depart, which directed Petitioner to comply with removal instructions. Dkt. No. 1, Petition ¶ 35. Thereafter, in April 2026, Petitioner received a positive reasonable fear determination regarding his fear of removal to Mexico. *Id.* ¶ 36. On April 16, 2026, DHS filed a motion before the Otay Mesa Immigration Court seeking reopening of proceedings pursuant to the federal habeas order and stipulation of the parties so Petitioner could pursue withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the CAT with respect to removal to Mexico. *Id.* On April 17, 2026, the

IJ granted DHS's motion to reopen proceedings and granted change of venue to the Adelanto Immigration Court, where proceedings remain pending. *Id.*

On July 21, 2026, Petitioner received a *Rodriguez*[1] bond hearing before an IJ. Dkt. Nos. 14 at 2; 14-1, 14-2. The IJ denied bond, finding the Government had met its burden to establish that Petitioner's release would pose a danger to the community. Dkt. No. 14-2. Petitioner reserved appeal to the BIA, which, if perfected, was due on August 20, 2026. *Id.*

On August 21, 2026, removal proceedings were held and an IJ issued an order stating,

> [Petitioner] filed an I-589 in reopened proceedings based on his fear of being removed to a third country, which in this case is Mexico. [Petitioner] had previously been ordered removed to El Salvador but had been granted deferral of removal pursuant to the CAT. [Petitioner's] applications for both forms of withholding of removal and deferral of removal under the CAT as it relates to his removal to the third country of Mexico are denied.

Dkt. No. 14-3 at 4.[2] Petitioner filed an appeal of the IJ's denial of fear-based relief as to Mexico to the BIA. Dkt. No. 14-5.

A case appeal was received on September 16, 2026, and the appeal is currently pending in the BIA. *See* https://acis.eoir.justice.gov/en/ (last visited November 24, 2026).

## II. The Parties' Contentions

The Petition raises one claim: Petitioner's detention violates due process under the Fifth Amendment. Dkt. No. 1 at 19-20. Specifically, Petitioner asserts that his detention, which has lasted over six months, constitutes prolonged detention and is not reasonably related to a legitimate purpose. *Id.*

---

[1] *Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015), *rev'd sub nom. Jennings v. Rodriguez,* 583 U.S. 281 (2018).

[2] According to the Automated Case Information on the Executive Office for Immigration Review ("EOIR") website, the Immigration Judge granted CAT Deferral on August 21, 2026. This entry is at odds with the IJ's order. *See* Dkt. No. 14-3.

Respondents argue that Petitioner is not yet subject to an administratively final order of removal, and that under 8 C.F.R. § 241.15, the government may effectuate removal to any country authorized by statute once an order of removal is final. Dkt. No. 11 at 2. Respondents further assert that Petitioner will be eligible for a *Rodriguez*[3] bond hearing once he remains detained for 180 days, *i.e.*, July 14, 2026, so his claim is unripe. *Id.* at 3-4. Respondents also assert that under *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001), Petitioner cannot show that his detention has become so prolonged as to implicate a constitutional interest. *Id.* at 5.

In reply, Petitioner argues that Respondents cannot simultaneously rely on post final order removal authority, 8 C.F.R. § 241.15, while disclaiming the constitutional consequences of that same final order for detention purposes. Dkt. No. 12 at 2. Petitioner asserts that although DHS may initially have possessed authority to pursue third country removal procedures, the removal process that purportedly justified re-detention did not result in executable removal. *Id.* at 3. Petitioner further argues that pursuant to the prior federal habeas order and the parties' stipulation, if DHS seeks removal to another third country, Petitioner must again receive fear screening procedures and reopening if a positive fear determination is made. *Id.* Finally, Petitioner argues that the existence of a possible future custody hearing does not itself establish the constitutionality of continued detention during the intervening period. *Id.* at 4. Petitioner is challenging the present constitutionality and legality of his ongoing prolonged detention. *Id.* at 6.

In Respondents' status report, they attached documents in support of their contention that Petitioner's January 16, 2026 detention was not

---

[3] At a *Rodriguez* bond hearing, which is required in the Central District of California, the government must show at six-month intervals that continued detention pending removal proceedings is justified by clear and convincing evidence. *See Rodriguez v. Robbins*, 804 F.3d 1060 (9th Cir. 2015).

defective. Dkt. No. 16. Respondents attached the Notice of Revocation of Release, Alien Informal Interview Upon Revocation of Order of Supervision under 8 C.F.R. § 241.4(l) and 8 C.F.R. § 241.13(i), Warrant for Arrest, Warrant of Removal/Deportation, and Warning to Alien Ordered Removed or Deported. Dkt. Nos. 16-1 to 16-4.

In Petitioner's supplemental briefing, he argues that that under the Fifth Amendment and *Mathews v. Eldridge*, 424 U.S. 319 (1976), the procedures afforded him were constitutionally inadequate and that his continued detention also remains subject to the limitations recognized in *Zadvydas*. Dkt. No. 17. Petitioner further argues that Respondents have not demonstrated a significant likelihood of removal in the reasonably foreseeable future. *Id.* at 10-11.

## III. Discussion

### A. Petitioner's Detention is Governed by 8 U.S.C. § 1231 and *Zadvydas*

Petitioner alleges that his detention violates *Zadvydas* and 8 U.S.C. § 1231(a)(6). Dkt. No. 17 at 10-11. Petitioner has remained detained since January 16, 2026, over ten months. *Id.* at 10.

On June 14, 2024, an IJ ordered Petitioner removed while simultaneously granting him deferral of removal to El Salvador under the CAT. *Id.* at 8. Neither party appealed the decision. Petition ¶ 26. Petitioner was detained for 90 days and then was released from ICE custody. *Id.* After his release, Petitioner consistently complied with all ICE reporting requirements and all conditions imposed by state probation authorities. *Id.* ¶ 27. "Under the INA, a removal order becomes final upon the earlier of either (1) a determination of the BIA affirming such order or (2) the expiration of the period in which a petitioner is permitted to seek review of the order by the BIA." *Singh v. Noem*, No. 1:26-cv-00722-KES-CDB (HC), 2026 WL

710315, at *8 (E.D. Cal. Mar. 13, 2026) (citing *Padilla-Ramirez v. Bible*, 882 F.3d 826, 831 (9th Cir. 2017)). Petitioner did not appeal the order, and thus his removal order became administratively final on June 14, 2024. Petitioner's detention is therefore governed by 8 U.S.C. § 1231(a).

Under that statute, noncitizens subject to administratively final orders of removal must be detained for 90 days to effectuate their removal. *See* 8 U.S.C. § 1231(a)(2). Once the mandatory detention period passes, however, the government has discretion to either detain certain inadmissible or criminal noncitizens beyond that initial removal period or release them subject to an Order of Supervision ("OSUP"). *See id.* § 1231(a)(6); *accord Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578–79 (2022) ("After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.' ").

The Supreme Court has construed § 1231(a)(6) not to permit the "indefinite detention" of noncitizens, which would otherwise pose serious constitutional concerns. *Zadvydas*, 533 U.S. at 690–96. The Court instead interpreted § 1231(a)(6) to permit detention only where removal is "reasonably foreseeable." *Id.* at 699. To effectuate this limit, the Court found it "practically necessary to recognize some presumptively reasonable period of detention," which it set at six months. *Id.* at 701. "After this 6–month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* The Supreme Court specifically held that "once removal is no longer

reasonably foreseeable, continued detention is no longer authorized by statute." *Zadvydas*, 533 U.S. at 699.

### B. Petitioner Has Provided Good Reason to Believe That There is No Likelihood of Removal in the Reasonably Foreseeable Future, Which Respondents Failed to Rebut

Petitioner asserts that he has remained continuously detained since January 16, 2026, over 10 months. Dkt. No. 17 at 10. If a detainee has been detained for longer than six months, they are entitled to release if they can provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" and the Government fails to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

"Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Liu v. Casey*, No. 26-cv-00720-LL-DEB, 2026 WL 482863, at *5 (S.D. Cal. Feb. 20, 2026) (internal quotation marks omitted). However, Petitioner must at least supply more than "conclusory statements suggesting that he will not be removed." *Id.* (internal quotation marks omitted). Further, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Zadvydas*, 533 U.S. at 701.

Petitioner has now been detained after a final order of removal for nearly ten months. Petitioner argues that Respondents have provided no timetable for removal, no proof that Mexico has agreed to accept him, and no travel documents establishing that removal can be executed. *Id.*

Respondents in their Answer argued that Petitioner is in ongoing removal proceedings to Mexico--a third country, was scheduled for a

*Rodriguez* bond hearing, and could not show that his detention had become so prolonged as to implicate a constitutional interest. Dkt. No. 11 at 2, 5. Since June 14, 2024, Petitioner has been subject to a final but withheld order of removal to El Salvador. Petition ¶ 26. The Supreme Court has explained that

> If an immigration judge grants an application for withholding of removal, he prohibits DHS from removing the [noncitizen] *to* that particular country, not *from* the United States. The removal order is not vacated or otherwise set aside. It remains in full force and DHS retains the authority to remove the [noncitizen] to any other country authorized by the statute.

*Johnson v. Guzman Chavez*, 594 U.S. 523, 536 (2021) (emphasis in original). Because Petitioner is only challenging his removal to Mexico in the third country proceedings, the Court finds that the final removal order executed against him is still in effect.

Although Respondents intend to remove Petitioner to Mexico, Petitioner's appeal of the IJ's August 21, 2026 decision denying his applications for protection from Mexico remains pending before the BIA. Dkt. No. 17 at 10. Further, Respondents provide no evidence indicating Mexico would be willing to accept Petitioner. *See* Dkt. Nos. 11, 14, 16. It is recognized that Mexico accepts only noncitizens who are willing to be removed to Mexico, *see Ruiz-Acosta v. Cent. Valley Annex*, No. 1:26-cv-04371-DAD-JDP (HC), 2026 WL 1846727, at *3 (E.D. Cal. June 26, 2026), and Petitioner has expressed his fear of removal to Mexico. Petition ¶ 30. Thus, Petitioner has made a sufficient showing that he is not significantly likely to be removed either to Petitioner's country of citizenship El Salvador, with respect to which Petitioner has been granted withholding of removal, or to Mexico. *See Perez Canet v. Blanche*, No. 2:26-cv-00223-APG-NJK, 2026 WL 1091763, at *3 (D. Nev. Apr. 22, 2026) (finding similarly).

Respondents do not provide any evidence to the contrary. Respondents have not presented evidence they obtained a travel document to Mexico, they do not identify the policies or procedures for removal to Mexico, nor do they reference an agreement that Mexico has agreed to accept Petitioner. Mere exploration of options for third-country removal falls far short of a showing that removal is significantly likely in the reasonably foreseeable future. There is thus no evidence that Petitioner's removal to any country is reasonably foreseeable as *Zadvydas* requires for continued detention to be authorized.

On the record before this Court, Petitioner's removal to any country is not significantly likely in the reasonably foreseeable future. Therefore, his continued detention is unlawful, and he is entitled to release under *Zadvydas*.

## IV. Conclusion

For the foregoing reasons, the Petition is GRANTED.

## V. Order

Petitioner Carlos Humberto Rivera Quintanilla (A # 077-182-369) is **ordered released** within 24 hours of this Order from detention on conditions of release under 8 C.F.R. § 241.5.

Respondents shall refrain from re-detaining Petitioner without timely following the procedures in 8 C.F.R. §§ 241.4 and 241.13, obtaining valid travel documents, and making valid travel arrangements for his prompt removal.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2)

the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATED: November 25, 2026

Patricia Donahue
United States Magistrate Judge